UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANDRE HAVARD and STATE OF
MICHIGAN, DEPARTMENT OF LICENSING
AND REGULATORY AFFAIRS, WAGE AND
HOUR DIVISION,                                          No. 12-CV-13427

     Plaintiffs,                                       HON. STEPHEN J. MURPHY, III

v                                                       MAG. LAURIE J. MICHELSON

DETROIT ENTERTAINMENT, LLC, d/b/a
MOTORCITY CASINO,

     Defendant.
_____

Jason Hawkins (P71232)
Emily A. McDonough (P72701)
Attorneys for Plaintiff
  Wage and Hour Division
Michigan Department of Attorney General
Labor Division
P.O. Box 30736
Lansing, MI  48909
(517) 373-2560
_____

Thomas G. Kienbaum (P15945)
Eric J. Pelton (P40635)
Attorneys for Defendant
Kienbaum, Opperwall, Hardy and Pelton, PLC
280 North Old Woodward Avenue, Suite 400
Birmingham, MI  48009
(248) 645-0000
_____/

**PLAINTIFF MICHIGAN DEPARTMENT OF LICENSING AND
REGULATORY AFFAIRS, WAGE AND HOUR DIVISION'S
MOTION TO REMAND**

Plaintiff Michigan Department of Licensing and Regulatory Affairs, Wage and Hour Division (WHD), by Bill Schuette, Attorney General of the State of Michigan, and Jason Hawkins and Emily A. McDonough, Assistant Attorneys General, moves for remand of this matter to the Michigan Administrative Hearings System for the reasons stated below and more fully-discussed in the accompanying brief.

In support of this motion, Plaintiff WHD states as follows:

1.      The WHD is the administrative body charged with administering and enforcing Michigan's Payment of Wages and Fringe Benefits Act, Mich. Comp. Laws § 408.471, *et seq.*

2.      On June 13, 2012, following its investigation into a complaint for unpaid wages filed by Plaintiff Andre Havard (Havard) against Defendant Detroit Entertainment, LLC, d/b/a MotorCity Casino (MotorCity), the WHD issued a Determination Order finding that MotorCity owed Havard $537.32 in unpaid wages, plus interest.

3.      The Determination Order advised Havard and MotorCity of their right to appeal the Determination Order within 14 days of its issuance.

4.      MotorCity timely appealed the Determination Order, and the WHD referred the matter to the Michigan Administrative Hearings System (MAHS), an independent and autonomous agency within the Department of Licensing and Regulatory Affairs established specifically to provide hearings for most agencies in Michigan state government.

5.      MAHS assigned the matter to an Administrative Law Judge, and set the matter for a hearing on August 23, 2012 to consider whether MotorCity violated the Payment of Wages and Fringe Benefits Act.

6.      Rather than proceed to the hearing it requested, MotorCity removed the matter to this Court on August 3, 2012.

7.       This matter should be remanded to MAHS for the following reasons:

    a.      MotorCity's Notice of Removal was not timely filed;

    b.      Havard's wage complaint does not involve a "federal question;"

    c.      MAHS is not a "state court" for purposes of removal pursuant to 28 U.S.C. § 1441(a); and

    d.      MotorCity has failed to exhaust its administrative remedies.

8.      28 U.S.C. § 1447(c) requires that a motion to remand an improperly removed action be brought within 30 days of the date of removal.  This statute also provides that this Court shall remand a case, itself, at any time prior to final judgment, if it appears the Court lacks subject matter jurisdiction over the case.

9.      Pursuant to Local Rule 7.1, the WHD's counsel conveyed the substance of this motion to MotorCity's counsel on August 30, 2012.  Counsel did not concur with the substance of the motion, necessitating its filing with the Court.

FOR THESE REASONS, and those stated in the accompanying brief, Plaintiff Michigan Department of Licensing and Regulatory Affairs, Wage and Hour

Division, respectfully requests this Court grant this Motion to Remand, pursuant to

28 U.S.C. § 1447(c).

Respectfully submitted,

Bill Schuette
Attorney General


Date:   9/24/12                        /s/ Emily A. McDonough
                                       Jason Hawkins (P71232)
                                       Emily A. McDonough (P72701)
                                       Attorneys for Plaintiff
                                          Wage and Hour Division
                                       Labor Division
                                       P.O. Box 30736
                                       Lansing, MI  48909
                                       (517) 373-2560
                                       hawkinsj@michigan.gov
                                       mcdonoughe@michigan.gov

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANDRE HAVARD and STATE OF
MICHIGAN, DEPARTMENT OF LICENSING
AND REGULATORY AFFAIRS, WAGE AND
HOUR DIVISION,                                        No. 12-CV-13427

     Plaintiffs,                                   HON. STEPHEN J. MURPHY, III

v                                                    MAG. LAURIE J. MICHELSON

DETROIT ENTERTAINMENT, LLC, d/b/a
MOTORCITY CASINO,

     Defendant.

_____

Jason Hawkins (P71232)
Emily A. McDonough (P72701)
Attorneys for Plaintiff
  Wage and Hour Division
Michigan Department of Attorney General
Labor Division
P.O. Box 30736
Lansing, MI  48909
(517) 373-2560

_____

Thomas G. Kienbaum (P15945)
Eric J. Pelton (P40635)
Attorneys for Defendant
Kienbaum, Opperwall, Hardy and Pelton, PLC
280 North Old Woodward Avenue, Suite 400
Birmingham, MI  48009
(248) 645-0000

_____/

**PLAINTIFF MICHIGAN DEPARTMENT OF LICENSING AND
REGULATORY AFFAIRS, WAGE AND HOUR DIVISION'S
BRIEF IN SUPPORT OF MOTION TO REMAND**

Bill Schuette
Attorney General

/s/ Emily A. McDonough
Jason Hawkins (P71232)
Emily A. McDonough (P72701)
Assistant Attorneys General
Attorneys for Plaintiff
  Wage and Hour Division
Labor Division
P.O. Box 30736
Lansing, MI  48909
(517) 373-2560
hawkinsj@michigan.gov
mcdonoughe@michigan.gov

Dated:  September 4, 2012

# TABLE OF CONTENTS

<u>Page</u>

Index of Authorities ............................................................................................ ii

Concise Statement of Issues Presented .................................................................iii

Controlling or Most Appropriate Authority ..........................................................iii

Statement of Facts .............................................................................................. 1

Argument ........................................................................................................... 3

I.    MotorCity's removal of this action is exceedingly untimely and fails to present an action over which this Court has original jurisdiction. Moreover, MotorCity fails to justify this Court's taking jurisdiction over a pending administrative proceeding brought under state law. ............... 3

    A.    MotorCity failed to remove this action in a timely manner. ................. 3

    B.    This action does not involve a federal question. ..................................... 4

    C.    MotorCity does not seek to remove this action from a "state court." ....................................................................................................... 7

Conclusion and Relief Requested .......................................................................... 10

Certificate of Service (e-file) ............................................................................... 11

i

# INDEX OF AUTHORITIES

Page

**Cases**

*Allstate Ins. Co. v. Nowakowski*
No. 11-cv-809, 2012 WL 991828 (W.D. Mich. March 23, 2012) ............................... 5

*Ford Motor Co. v. McCullion, et al.*
C2-88-142, C2-87-1459, .................................................................................. iii, 7, 8, 9

*Roddy v. Grand Trunk Western* R.R.
395 F3d 318, 322-323 (6th Cir.), *cert. denied*, 464 US 928 (2005) ........................... 6

*Valentine-Johnson v. Roche*
386 F.3d 800 (6th Cir. 2004) ..................................................................................... 9

**Statutes**

28 U.S.C. § 1331 ................................................................................................. 4, 5

28 U.S.C. § 1441 .................................................................................................. iii,7

28 U.S.C. § 1446 ............................................................................................... iii, 3, 4

29 U.S.C. § 185 .................................................................................................... 5, 6

Mich. Comp. Laws § 24.303 ....................................................................................... 9

Mich. Comp. Laws § 408.471 ...................................................................................... 1

Mich. Comp. Laws § 408.481 ........................................................................... 1, 4, 5, 9

**Rules**

Fed. R. Civ. P. 7 ....................................................................................................... 3

MCR 2.110 ............................................................................................................... 3

## CONCISE STATEMENT OF ISSUES PRESENTED

1.  A defendant may remove certain civil actions from state courts through a timely notice of removal filed with a federal district court.  These federal courts narrowly construe removal statues and resolve all doubts in favor of remand.  Here, Defendant filed an untimely notice of removal of a state administrative action that does not involve a federal question, and was not yet in a state court.  Thus, this Court should remand this matter.

## CONTROLLING OR MOST APPROPRIATE AUTHORITY

*Authority*:

28 U.S.C. § 1446(b)(1)

28 U.S.C. § 1441(a)

*Ford Motor Co. v. McCullion, et al.,* C2-88-142, C2-87-1459, 1989 U.S. Dist. LEXIS 19116 (E.D. Ohio Apr. 14, 1989)

## STATEMENT OF FACTS

The Wage and Hour Division (WHD) is a state agency housed within Michigan's Department of Licensing and Regulatory Affairs, and is the administrative body charged with administering and enforcing Michigan's Payment of Wages and Fringe Benefits Act (PWFBA), Mich. Comp. Laws § 408.471, *et seq.*  If an employee in Michigan believes that their employer has violated the PWFBA, their remedy is to file a complaint with the WHD.  Mich. Comp. Laws § 408.481(1).  Andre Havard (Havard) was an employee of Defendant Detroit Entertainment, LLC, d/b/a MotorCity Casino (MotorCity), and filed a complaint for unpaid wages with the WHD on April 13, 2012, claiming he was owed past wages for time worked between April 13, 2011 and January 3, 2012.  (Notice of Removal, Ex. B at 75 of 80.)  On April 20, 2012, the WHD notified MotorCity that Havard filed this wage complaint.  (Notice of Removal, Ex. B at 76 of 80.)

Following the WHD's investigation into Havard's complaint, including several communications between the WHD investigator and MotorCity and its counsel, the WHD issued a determination order on July 13, 2012, finding that MotorCity owed Havard $537.20 in unpaid wages, plus interest.  (Notice of Removal, Ex. B at 2 of 80.)  The determination order notified Havard and MotorCity of their right to appeal the decision, and MotorCity timely filed such an appeal.  Michigan law provides this agency-level appeal as a way for the parties to seek review of the WHD's determination.  Mich. Comp. Laws § 408.481(4).  The WHD forwarded MotorCity's appeal to the Michigan Administrative Hearing System

(MAHS), where the matter was assigned to an administrative law judge and set for a hearing on August 23, 2012. (Notice of Removal, Ex. B at 78 of 80.)

Rather than proceed to the appeal hearing that it requested, MotorCity removed its administrative appeal to this Court on August 6, 2012. On August 8, 2012, this Court issued an Order reassigning the case to the present judge and magistrate.

The question presented at this stage in the proceedings is whether MAHS should have the opportunity to hear MotorCity's arguments and make a final administrative determination on their merits before MotorCity takes the rare step of removing a pending administrative matter to federal court. This court should reject MotorCity's removal of this action for several reasons:

- MotorCity filed its Notice of Removal more than 30 days after MotorCity received notice that Havard filed his wage claim with the WHD;

- The wage claim at issue does not present a federal question;

- MAHS is not a "state court" from which removal is ordinarily permitted; and

- MotorCity failed to exhaust administrative remedies available under Michigan law which provides a forum for its appeal.

## ARGUMENT

**I.    MotorCity's removal of this action is exceedingly untimely and fails to present an action over which this Court has original jurisdiction. Moreover, MotorCity fails to justify this Court's taking jurisdiction over a pending administrative proceeding brought under state law.**

### A.    MotorCity failed to remove this action in a timely manner.

A party seeking to remove a matter to federal court must file the notice of removal within 30 days of receiving a copy of the initial pleading in the matter setting forth the claim for relief that the matter is based upon.  28 U.S.C. § 1446(b)(1).  It should be noted initially that there were no "pleadings" filed in this matter.  *See* Fed. R. Civ. P. 7; MCR 2.110.  Havard's wage claim was filed with the WHD, who then notified MotorCity on April 20, 2012 of the filing.  (Notice of Removal, Ex. B at 76 of 80.)  If, *arguendo*, the wage claim were to be considered a "pleading," the 30-day window for seeking removal of this matter opened on April 20, 2012, when MotorCity received notice of the claim.  The WHD then sent MotorCity a letter dated May 30, 2012, stating its initial findings that wages were owed to Havard for the time period in question.  (Notice of Removal, Ex. B at 75 of 80.)  However, MotorCity failed to file its Notice of Removal until August 3, 2012, 105 days after the WHD sent the initial notification letter and 65 days after the WHD sent the findings letter.

MotorCity asserts that its Notice of Removal is timely because it was filed within 30 days from its appeal of the determination order, which initiated a new action in MAHS.  (Notice of Removal, at 3, ¶ 4.)  This is incorrect.  This argument ignores the provisions of the PWFBA that clearly indicate that the wage complaint

remains the same action from the filing by the employee to the seeking of judicial review by the party aggrieved by the final agency decision.  Mich. Comp. Laws § 408.481.  In addition, the PWFBA makes clear that if the department's determination is appealed, as it was here, the determination is not a final agency decision.  Mich. Comp. Laws § 408.481(4).  It is the hearing officer's decision which constitutes a final disposition of the proceedings and the final agency order.  Mich. Comp. Laws § 408.481(8).  MotorCity has not allowed the agency to issue a final order.  A glancing review of the cases cited by MotorCity in support of its position establishes that it is the appeal of an agency decision to a state court that makes the matter removable to federal court, *not* an intermediate appeal within an administrative agency.

MotorCity's Notice of Removal was not timely filed pursuant to 28 U.S.C. § 1446(b)(1), providing this Court with grounds to remand this matter to MAHS. However, if the Court decides to consider the merits of MotorCity's removal, it should remand this action for the following reasons.

### B.    This action does not involve a federal question.

MotorCity asserts that it removes this administrative action pursuant to 28 U.S.C. § 1331.  (Notice of Removal, at 1.)  This statutory provision gives United States District Courts "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331.  First, Havard's wage complaint is not a "civil action" that is bound by state or federal filing rules of civil procedure.  It is an administrative complaint filed with a

sovereign state's executive-branch agency that is statutorily charged with investigating the complaint and attempting to informally resolve the matter.  Mich. Comp. Laws § 408.481(2).  Second, Havard's wage complaint does not arise under the United States Constitution, or any of its laws or treaties.  MotorCity concedes that Havard's claim arises under the PWFBA.  (Notice of Removal, at 2, ¶ 1, 3.)

MotorCity contends that Havard's wage claim presents a federal question, and vests this Court with original jurisdiction over it because the consideration of his claim requires the interpretation of a collective bargaining agreement between MotorCity and Havard's labor union.  (Notice of Removal, at 2-3, ¶ 3.)  Because MotorCity believes that the resolution of Havard's claim requires an interpretation of the collective bargaining agreement, it argues that the claim is preempted by 29 U.S.C. § 185(a).  (*Id.*)  However, federal preemption over the resolution of a claim brought in a state administrative setting does not in and of itself mean that a federal court has original jurisdiction over that administrative claim.  Preemption, in this case, is a legal issue that a tribunal with jurisdiction over the filing of a state law claim may consider and rule on.  The existence of a federal issue alone does not confer jurisdiction on a federal court under 28 U.S.C. § 1331.  *Allstate Ins. Co. v. Nowakowski*, No. 11-cv-809, 2012 WL 991828, at 3 (W.D. Mich. March 23, 2012) (internal citation omitted).

MotorCity alleges that this matter falls within the complete preemption exception to the well-pleaded complaint rule.  (Notice of Removal, at 2, ¶ 2.)  Courts apply the well-pleaded complaint rule when determining whether a complaint

arises under federal law.  *Roddy v. Grand Trunk Western* R.R., 395 F3d 318, 322-323 (6th Cir.), *cert. denied*, 464 US 928 (2005).  The rule means that the allegations in the complaint will be examined and the potential defenses will be ignored.  *Id.*

MotorCity asserts that Havard's wage claim is completely preempted by Section 301 of the Labor Management Relations Act, 29 U.S.C. § 185(a), because it necessarily involves interpretation of a collective bargaining agreement.  (Notice of Removal, at 2, ¶¶ 1 - 3.)  But looking strictly at Havard's wage complaint it is clear that it only relies on the PWFBA and does not allege a breach of a collective bargaining agreement.  In addition, MotorCity fails to establish that the determination order issued by the agency, which is not a final agency order, is a "complaint" that alleges a cause of action which is completely preempted by federal law.  On page two of its Notice of Removal, MotorCity alleges that a federal question is implied because the "[d]ivision contends that MotorCity agreed, by virtue of the CBA in effect between it and Havard's union, to pay for attendance at a pre-shift roll call at a rate established by the CBA." (Notice of Removal, at 2, ¶ 3.) However, MotorCity does not point to any document that indicates that this is how the agency came to its determination.  The determination order relied upon by MotorCity makes no mention of a collective bargaining agreement.  (Notice of Removal, Ex. B, at 2 of 80.)  In fact, in a letter dated July 20, 2012 directed to the WHD, MotorCity concedes that the determination order does not specify how the WHD came to its decision.  (Notice of Removal, Ex. B, at 3 of 80.)  While it is true that there was a collective bargaining agreement between MotorCity and Havard's

labor union, the existence of a collective bargaining agreement alone does not create a complete preemption issue and therefore, this Court lacks subject-matter jurisdiction over this matter.

### C.   MotorCity does not seek to remove this action from a "state court."

MotorCity also asserts that it is removing this case pursuant to 28 U.S.C. § 1441, which permits removal of "any action brought in a State court of which the district courts of the United States have original jurisdiction."  28 U.S.C. § 1441(a). For the reasons stated above, Plaintiff WHD asserts that this Court does *not* have original jurisdiction over Havard's wage claim under the PWFBA, but assuming *arguendo* that it does, removal under 28 U.S.C. § 1441(a) is still improper because MAHS is not a "state court."  MotorCity cites *Ford Motor Co. v. McCullion, et al.*, No. C2-88-142, C2-87-1459, 1989 U.S. Dist. LEXIS 19116 (E.D. Ohio Apr. 14, 1989), a case where Ford removed a matter pending before the Ohio Motor Vehicle Dealers Board after Ford received notice of a hearing.

The *Ford* court recognized the general rule that administrative agencies are not 'state courts' for removal purposes but that in "rare situations" they may be so considered.  *Ford*, 1989 U.S. Dist. LEXIS 19116, at *5-6.  The court also adopted the two-part test for determining whether an administrative agency is a "state court" for purposes of removal under 28 U.S.C. § 1441(a).  First, the removing party must show that "the functions, powers, and procedures are those of a state tribunal." *Ford*, at *6.  Second, and more critically, the removing party must show that "the

respective state interests in litigating the matter as a whole are subordinate to any unique federal interest, in light of the subject matter and in provision of a forum." *Id.* (internal citation omitted).  However, proceedings in a state agency are ordinarily removable only *after* they are appealed to state courts.  *Id.* (internal citations omitted.)

While the functions of MAHS are adjudicative in nature, this is but one part of the analysis.  The "validity of removal is premised on [the] second criteria."  *Ford*, at *7.  In analyzing the respective state and federal interests, the *Ford* court recognized that Ohio had a "substantial interest in preserving the validity of its administrative infrastructure as a whole," and that the state had "a need to make [an] initial administrative determination regarding statutory interpretation in many situations which, because of their repetitive nature, may obviate the need for federal judicial intervention."  *Id.* at *7-8.  Michigan certainly shares these important interests.

MotorCity cites the Labor Management Relations Act's "powerful preemptive force" as a potential federal interest, but fails to show how MAHS is unable to recognize such force, or that it has failed to do so.  (Notice of Removal, at 2, ¶ 2.) Indeed, MotorCity has stripped MAHS of the ability to do just that.  Admittedly, the WHD disagreed with MotorCity's preemption argument, but as mentioned previously the determination order is not the final agency decision in this case. Michigan law has formulated a review procedure that permits parties aggrieved by the determination order to seek review of it before an administrative law judge.

MotorCity sought to take advantage of that procedure by filing an appeal of the determination order pursuant to Mich. Comp. Laws § 408.481(4).  The case was then assigned to an administrative law judge, and his determination would have been the final agency decision.  Mich. Comp. Laws § 408.481(7),(8).  If MotorCity remained unsatisfied by that final decision, it could obtain judicial review in a state circuit court.  Mich. Comp. Laws § 408.481(9); Mich. Comp. Laws § 24.303.  A party must exhaust their administrative remedies prior to bringing an action in federal court.  *Valentine-Johnson v. Roche*, 386 F.3d 800, 811 (6th Cir. 2004) (internal citations omitted).  MotorCity has clearly failed to do so.

MotorCity has failed establish a vital federal interest that would warrant removal at this time.  To permit removal at this stage in proceedings would eliminate the judicial economy sought and provided for at the MAHS level, and such practice is "ordinarily disapproved."  *Ford*, at *12 (internal citations omitted).

## CONCLUSION AND RELIEF REQUESTED

For all of the foregoing reasons, Plaintiff Michigan Department of Licensing and Regulatory Affairs, Wage and Hour Division, asks this Court to remand this matter to the Michigan Administrative Hearing System.

Respectfully submitted,

Bill Schuette
Attorney General

/s/ Emily A. McDonough
Jason Hawkins (P71232)
Emily A. McDonough (P72701)
Assistant Attorneys General
Attorneys for Plaintiff
  Wage and Hour Division
Labor Division
P.O. Box 30736
Lansing, MI  48909
(517) 373-2560
hawkinsj@michigan.gov
mcdonoughe@michigan.gov

Dated:    September 4, 2012

## CERTIFICATE OF SERVICE (e-file)

I hereby certify that on September 4, 2012, I electronically filed the above

document(s) with the Clerk of the Court using the ECF System, which will provide

electronic copies to counsel of record.

/s/ Emily A. McDonough
Jason Hawkins (P71232)
Emily A. McDonough (P72701)
Assistant Attorneys General
Attorneys for Plaintiff
  Wage and Hour Division
Labor Division
P.O. Box 30736
Lansing, MI  48909
(517) 373-2560
hawkinsj@michigan.gov
mcdonoughe@michigan.gov

11

## PROOF OF SERVICE (E-FILE)

I hereby certify that on September 4, 2012, I electronically filed the foregoing

document(s) with the Clerk of the Court using the ECF System, which will provide

electronic notice and copies of such filing of the following to the parties:  Motion to

Remand and Brief in Support.

<u>/s/ Emily A. McDonough</u>
Assistant Attorney General
Attorneys for Plaintiff
  Wage and Hour Division
Labor Division
P.O. Box 30736
Lansing, MI 48909
(517) 373-2560
mcdonoughe@michigan.gov
(P72701)